**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

      **Plaintiff,**

**v.**                                         **Case No:    6:19-cv-882-Orl-31LRH**

**O'REILLY AUTOMOTIVE STORES,**
**INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO STRIKE (Doc. 19)**
>
> **FILED:**       **July 5, 2019**
>
> **THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

**I.    Background**

This action stems from allegations that female employees were subjected to sexual harassment at one of the Defendant O'Reilly Automotive Stores, Inc.'s ("O'Reilly") stores. (*See* Doc. 1). A former female employee (the "Charging Party") filed a charge of discrimination against O'Reilly with the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), which determined that it had reasonable cause to believe that O'Reilly: 1) subjected the Charging Party and a class of female employees to a sexually hostile work environment; 2) retaliated against

the Charging Party; and 3) constructively discharged the Charging Party. (*Id*. at ¶¶ 6-7). After unsuccessful attempts of conciliation, the Commission filed this action against O'Reilly on behalf of the Charging Party and a class of similarly-situated female employees under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. (Doc. 1 ("Complaint")).

In response to the Complaint, O'Reilly filed an answer and twenty-two affirmative defenses. (Doc. 14 ("Answer")). The Commission filed a timely motion to strike the twelfth, seventeenth, eighteenth, nineteenth, and twentieth affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 19 ("Motion")). O'Reilly filed a response in opposition. (Doc. 23). The matter is fully briefed and has been referred to the undersigned for issuance of a report and recommendation.

## II.  Applicable Law

An affirmative defense is "one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (citation omitted). Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). According to Rule 8, a party must "state in short and plain terms its defenses to each claim asserted against it" and "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), (c)(1). "Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009

WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009) (citation omitted); *see also Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1360 (M.D. Fla. 2008) (citations omitted).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike filed pursuant to Rule 12(f) is subject to the Court's discretion, *see Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976), and such motions "are viewed with disfavor and are infrequently granted" even when they are "technically appropriate and well-founded" because striking is "a drastic remedy." *Harvey*, 568 F. Supp. 2d at 1359.

The court may also strike a defense that is insufficient as a matter of law. *Anchor Hocking Corp.*, 419 F. Supp. at 1000 (citation omitted). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp.*, 211 F.R.D. at 683 (citation omitted). In addition, an affirmative defense may be stricken if it has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted). However, where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id.* (citation omitted). Further, when an affirmative defense is actually a specific denial, the Court will generally treat the affirmative defense as such and will not strike it. *See, e.g.*, *Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, No. 8:08-cv-1048-T-24EAJ, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008).

**III.  Discussion**

As previously mentioned, the Commission seeks to strike five of O'Reilly's affirmative defenses. (Doc. 19). In response, O'Reilly argues that the Motion should be denied for two

overarching reasons. First, O'Reilly appears to argue that the Motion should be denied as premature because the merit of such a motion can only be determined after the record has been developed through discovery. (Doc. 23 at 6 (citing *Long v. Destination Maternity Corp.*, No. 15-cv-2836-WQH-RBB, 2016 WL 1604968 (S.D. Cal. Apr. 21, 2016); *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 133 (E.D.N.Y. 2015); *Diaz v. Alternative Recovery Mgmt.*, No. 12-cv-1742-MMA(BGS), 2013 WL 1942198 (S.D. Cal. May 8, 2013); *E.E.O.C. v. LHC Grp., Inc.*, No. 1:11-cv-355-LG-LMR, 2012 WL 3242168, at *4 (S.D. Miss. Aug 7, 2012)). Second, O'Reilly raises individual arguments in support of each challenged affirmative defense. (*Id*. at 7-18).

The undersigned begins with O'Reilly's threshold argument that the Motion should be denied as premature. The argument is unpersuasive. First, the cases O'Reilly cites are inapposite because none denied the motion to strike in its entirety as premature. *See Long*, 2016 WL 1604968, at *12-13; *Sibley*, 304 F.R.D. at 133; *Diaz*, 2013 WL 1942198, at *2; *LHC Grp., Inc.*, 2012 WL 3242168, at *3-4. Rather, the courts considered each individual affirmative defense, and declined to strike certain ones where the sufficiency of those defenses could not be determined prior to discovery. *Id*. Second, denying the Motion simply because discovery has not been completed runs contrary to the rule governing motions to strike. Pursuant to Federal Rule of Civil Procedure 12(f), a party must move to strike matters from a pleading, such as an insufficient defense, within twenty-one days of the date the party is served with the pleading. Fed. R. Civ. P. 12(f). Here, the Motion was timely filed and as a result, should not be denied in its entirety as premature. For these reasons, the undersigned finds O'Reilly's request to deny the Motion as premature unavailing.

Having determined the Motion should not be denied as premature, the undersigned will proceed to address the Commission's arguments challenging O'Reilly's twelfth, seventeenth, eighteenth, nineteenth, and twentieth affirmative defenses.

### A. The Twelfth Affirmative Defense

O'Reilly's twelfth affirmative defense provides:

Any claims of, or related to, McCoy, Akins, Symond, and/or any other allegedly aggrieved individual are barred by the doctrines of laches, estoppel, consent, waiver and/or unclean hands.

(Doc. 14 at 14).

The Commission contends that the twelfth affirmative defense should be stricken because it is conclusory and fails to allege facts in support of each of the listed equitable defenses. (Doc. 19 at 2). The Commission also argues that the defenses of estoppel, waiver, and unclean hands do not apply against a government agency and therefore should be stricken. (*Id*. at 2-5).

In response, O'Reilly contends that its affirmative defense is sufficient to place the Commission on notice of the equitable defenses it intends to rely on, and nothing more is required at this stage of proceeding, especially since O'Reilly has not had the benefit of conducting discovery to further articulate its defenses. (Doc. 23 at 8-9). As for the Commission's second argument, O'Reilly contends that the twelfth affirmative defense is clearly aimed at the Charging Party and individual class members, not the EEOC, which is permitted in such actions. (*Id*. at 11 (citing *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 296-97 (2002); *EEOC v. Darden Rests., Inc.*, No. 15-20561-CIV-LENARD/GOODMAN, 2016 WL 9488709, at *3 (S.D. Fla. June 1, 2016)).

The Commission's first argument is well-taken. While a defendant is not required to set forth detailed factual allegations in support of its affirmative defenses, its pleading must give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests. *Hansen*, 2009 WL 3790447, at *1. Here, the twelfth affirmative defense provides fair notice of the equitable defenses that O'Reilly intends to rely on, but it provides no notice of the grounds upon which those defenses rest. The undersigned therefore finds, as other courts have under similar circumstances,

that the twelfth affirmative defense should be stricken as conclusory. *See, e.g.*, *Ramos-Rivera v. Redrock Travel Grp., LLC*, No. 6:19-cv-174-Orl-22GJK, 2019 WL 2232959, at *3 (M.D. Fla. Apr. 29, 2019) (striking affirmative defense of unclear hands as conclusory); *Whitson v. Bank of America, N.A.*, No. 6:18-cv-2009-Orl-28TBS, 2019 WL 450679, at *2 (M.D. Fla. Feb. 5, 2019) (striking affirmative defense that simply asserted equitable defenses of knowledge, waiver, ratification, laches, estoppel, and unclean hands as conclusory); *JPMorgan Chase Bank, N.A. v. CNL Bank*, No. 6:10-cv-804-Orl-22DAB, 2011 WL 13298558, at *2 (M.D. Fla. Jan. 3, 2011) (similar).

The undersigned recognizes that when O'Reilly asserted the twelfth affirmative defense it did not have the benefit of discovery to uncover facts to support its equitable defenses. However, the undersigned is not mandating or suggesting that O'Reilly be required to list detailed facts to support its defense. Rather, as articulated by Rule 8 and the cases interpreting it, *see supra* pp. 2-3, O'Reilly must have had some factual basis to support its assertion of equitable defenses when it filed its Answer, and it should have alleged those facts in the twelfth affirmative defense. O'Reilly did not do so and therefore, as discussed above, the twelfth affirmative defense is conclusory and should be stricken with leave to amend.[1]

### B. The Nineteenth Affirmative Defense

O'Reilly's nineteenth affirmative defenses provides:

---

[1] In the event the Court finds the twelfth affirmative defense is not conclusory, the undersigned recommends that the Court reject the Commission's second argument challenging this defense. The Commission assumes that this defense is directed towards the Commission only. (*See* Doc. 19 at 2-5). As O'Reilly points out in its response (Doc. 23 at 11), this interpretation is incorrect. The twelfth affirmative defense, as confirmed by O'Reilly (*Id.*), is directed towards the Charging Party and other class members. And as at least one court has found, an employer may raise such equitable defenses in an action brought by the EEOC in order to limit the relief the EEOC can obtain for the class members. *Darden*, 2016 WL 9488709, at *4 (citing *Waffle House*, 534 U.S. at 296-97).

> Plaintiff has not met the necessary jurisdictional prerequisites which are required to invoke the jurisdiction of this Court.

(Doc. 14 at 15).

The Commission contends that a defense that denies a condition precedent has been performed must be stated with particularity. (Doc. 19 at 6 (citing Fed. R. Civ. P. 9(c)). Since the foregoing defense does not specify the perquisite(s) the Commission allegedly failed to meet, the Commission argues that the defense should be stricken. (*Id.* (citing *E.E.O.C. v. Rosebud Rests., Inc.*, No. 13-cv-06656, 2015 WL 5852925, at *1 (N.D. Ill. Oct. 7, 2015); *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 463 (D. Md. 2014)).

O'Reilly concedes that its defense lacks the requisite particularity, but argues that other paragraphs in its Answer – paragraphs that it does not identify in its response – discuss the "administrative duties [the] EEOC . . . failed to adequately perform as conditions precedent to [invoke] the jurisdiction of this Court such that [the] EEOC can infer what conditions precedent Defendant is claiming it failed to meet." (Doc. 23 at 17). O'Reilly therefore argues that its defense, when considered with its Answer, is sufficiently particular and should not be stricken. (*Id.* (citing *E.E.O.C. v. Dots, LLC*, No. 2:10-cv-319, 2010 WL 5057168 (N.D. Ind. Dec. 6, 2010)). Further, O'Reilly contends that even if the defense is deficient it would be futile to strike it, because O'Reilly will be able to develop the record during discovery and identify the condition(s) precedent that were not met in its motion for summary judgment. (*Id.* at 17-18 (citing *Associated Mechanical Contractors, Inc. v. Martin K. Eby Constr. Co., Inc.*, 271 F.3d 1309, 1317 (11th Cir. 2001)).

The nineteenth affirmative defense does not comport with the pleading requirements of Federal Rule of Civil Procedure 9(c), which provides that the denial of the occurrence or performance of a condition precedent must be done with particularity. *Id.* And O'Reilly cites no

binding or persuasive[2] authority in support of its position that the Commission can simply infer from "other [unidentified] paragraphs" the conditions precedent that were allegedly not satisfied. *See* Doc. 23 at 17. If O'Reilly's argument were accepted, it would place the onus on the Commission to determine which condition(s) precedent it allegedly failed to satisfy. The rule does not require that, nor should the Court. Moreover, even if the Court were to accept O'Reilly's argument, O'Reilly does not identify the paragraphs in its Answer from which the Commission could infer the conditions precedent it allegedly did not satisfy. For these reasons, the undersigned finds O'Reilly's attempt to overcome the nineteenth affirmative defense's deficiency unpersuasive. The nineteenth affirmative defense should be stricken with leave to amend.

O'Reilly's futility argument is similarly unavailing. In support of that argument, O'Reilly cites *Associated Mechanical Contractors, Inc. Martin K. Eby Const., Inc.*, 271 F.3d 1309 (11th Cir. 2001) for the proposition that a "specific denial of performance of conditions precedent may be raised by motion as well as by answer." (Doc. 23 at 17-18 (citing *Associated Mechanical Contractors, Inc.*, 271 F.3d at 1317). However, the Eleventh Circuit in *Associated Mechanical* was considering whether the failure to affirmatively plead a specific denial resulted in waiver of that denial. That is not the issue before the Court. Rather, it is the exact opposite: O'Reilly has elected to assert an affirmative defense challenging the Commission's performance of conditions precedent, and the Commission seeks to strike that defense. By including this affirmative defense in its pleading filed with the Court, O'Reilly was required to comply with the pleading requirements of Rule 9(c), and because it failed to do so, the affirmative defense should be stricken. The fact that

---

[2] The one case O'Reilly cites in support of its argument – the *Dot* decision – is unpersuasive for the reasons discussed above. It is also factually distinguishable. In *Dot*, the affirmative defense specifically identified the condition precedent at issue – namely whether the EEOC failed to issue its findings of reasonable cause within 120 days. *See* 2010 WL 5057168 at * 4.

O'Reilly can raise the defense in a later motion does not obviate the current pleading deficiency. Accordingly, the undersigned finds O'Reilly's futility argument unpersuasive and will recommend that the nineteenth affirmative defense be stricken with leave to amend.

### C. The Eighteenth Affirmative Defense

O'Reilly's eighteenth affirmative defenses provides:

> Plaintiff has failed to satisfy its statutory obligation to conciliate in good faith the charge of discrimination on which Plaintiff's Complaint is based prior to filing this action.

(Doc. 14 at 15).

The Commission seeks to strike the eighteenth affirmative defense on two separate bases. (Doc. 19 at 5-6). First, the Commission contends that the defense erroneously claims that the Commission was required to make a "good faith" effort to conciliate. (*Id*. at 5). According to the Commission, the United States Supreme Court rejected that standard in *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480 (2015). (Doc. 19 at 5). Second, the Commission contends that the defense is not an affirmative defense because, if the Court determines that the Commission did not conciliate, the appropriate remedy is to stay the case, as opposed to dismissing it, so conciliation can be completed. (*Id*. at 6 (*Mach Mining*, 575 U.S. at 494)).

In response, O'Reilly contends that *Mach Mining* did not eliminate the good faith standard for conciliation. (Doc. 23 at 14-15). As for the Commission's second argument, O'Reilly argues that dismissal of the case, as opposed to staying the case, is an appropriate remedy if the Commission is found to not have conciliated in good faith. (*Id*. at 15 (citing *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657, 676-77 (8th Cir. 2012); *E.E.O.C. v. CollegeAmerica Denver, Inc.*, Civil Action No. 14-cv-01232-LTB-MJW, 2015 WL 6437863 (D. Colo. Oct. 23, 2015)). Further, even if the defense is not a true affirmative defense, O'Reilly argues that the proper remedy

is to treat it as a denial, as opposed to striking the same. (*Id*. at 15-16 (citing *Hamblen v. Davol, Inc.*, No. 8:17-cv-1613-T-33TGW, 2018 WL 1493251, at *3 (M.D. Fla. Mar. 27, 2018)).

The decision in *Mach Mining* is both on point and dispositive. In that case, the Supreme Court addressed "whether and to what extent . . . an attempt to conciliate is subject to judicial consideration." *Mach Mining*, 575 U.S. at 485-86. With respect to whether courts may review the EEOC's conciliation efforts, the Supreme Court pointed to the applicable language of Title VII, which provides that the EEOC "shall endeavor to eliminate [an] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id*. at 486 (citing 42 U.S.C. § 2000e-5(b)). Based on this statutory language, the Court explained that conciliation is a prerequisite to filing suit and concluded that the EEOC's conciliation efforts are subject to judicial review. *Id*. at 486-89.

Next, the Court addressed the proper scope for reviewing the EEOC's conciliation efforts and found that "the proper scope of judicial review matches the terms of Title VII's conciliation provision." *Id*. at 494. Specifically, the Court explained:

> The statute demands, once again, that the EEOC communicate in some way (through "conference, conciliation, and persuasion") about an "alleged unlawful employment practice" in an "endeavor" to achieve an employer's voluntary compliance. § 2000e–5(b). That means the EEOC must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of "reasonable cause." *Ibid*. Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result. And the EEOC must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice. Judicial review of those requirements (and nothing else) ensures that the Commission complies with the statute.

*Id*. Accordingly, the Court held that "[t]he appropriate scope of review [of the EEOC's effort to conciliate] enforces the statute's requirements as just described—in brief, that the EEOC afford the

employer a chance to discuss and rectify a specified discriminatory practice—but goes no further." *Id*. at 489.

O'Reilly's assertion that the EEOC was required (and failed) to conciliate in good faith runs contrary to the holding in *Mach Mining*. The Court's review of the EEOC's conciliation efforts is limited to determining whether the EEOC complied with the requirements of § 2000e–5(b), *i.e.*, did it "afford the employer a chance to discuss and rectify a specified discriminatory practice[?]" *Id*. Good faith is nowhere mentioned in this standard, and therefore the eighteenth affirmative defense is inconsistent with *Mach Mining*, legally insufficient, and should be stricken.

The undersigned now considers whether O'Reilly should be granted leave to amend its eighteenth affirmative defense. In short, yes. While the Court's review of the EEOC's conciliation efforts is limited, O'Reilly may still contest the sufficiency of those efforts. *See id*. at 495 ("If, however, the employer provides credible evidence of its own, in the form of an affidavit or otherwise, indicating that the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim, a court must conduct the factfinding necessary to decide that limited dispute."). Accordingly, the undersigned will recommend that the eighteenth affirmative defense be stricken, and that O'Reilly be granted leave to amend.[3]

---

[3] The undersigned is not persuaded by the Commission's argument that the proper remedy is to stay the case as opposed to dismissal. At the end of the *Mach Mining* decision, the Supreme Court explained that "[s]hould [a] court find in favor of the employer [challenging the EEOC's conciliation efforts], the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance." *Mach Mining*, 575 U.S. at 495. The Court cited to a provision of Title VII which allows courts to stay the action so proper conciliation efforts may be undertaken. (*Id*. ("See § 2000e–5(f)(1) (authorizing a stay of a Title VII action for that purpose)"). The undersigned does not interpret the Court as concluding that staying the action is the *only* appropriate remedy. Indeed, the statute to which the Court cited, states that the "the court may, *in its discretion*, stay further proceedings for not more than sixty days pending . . . further efforts of the Commission to obtain voluntary compliance." 42 U.S.C. § 2000e–5(f)(1) (emphasis added). Thus, if the Court determines that the EEOC did not comply with its statutory requirement to conciliate then the Court may, in its discretion, stay the case or take other appropriate action, which may include dismissal.

### D. The Twentieth Affirmative Defense

O'Reilly's twentieth affirmative defenses provides:

> Plaintiff's claims are barred in whole or in part to the extent McCoy, Akins, Symond, or any other allegedly aggrieved individual failed to exhaust her administrative or internal remedies, or failed to file a charge of discrimination in a timely manner.

(Doc. 14 at 15).

The Commission contends that this defense is legally insufficient because "EEOC enforcement actions are not limited to the claims presented by the charging parties" and, as such, "any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." (Doc. 19 at 7 (quoting *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 325-26 (1980)). Therefore, the Commission contends that exceeding the scope of the administrative charges is not a defense to an EEOC action. (*Id.* (citing *Dots, LLC*, 2010 WL 5057168, at *3).

O'Reilly does not counter the Commission's interpretation of the twentieth affirmative defense (which is not a model of clarity) or the authority it cites. (Doc. 23 at 16). Instead, O'Reilly contends that the EEOC cannot litigate claims that it failed to investigate, issue a determination on, or conciliate. (*Id.* (citing *EEOC v. Unit Drilling Co.*, No. 13-cv-147-TCK-PJC, 2014 WL 2211011, at *2 (N.D. Okla. May 28, 2014)). O'Reilly argues whether the EECO failed to exhaust

---

*See CRST Van Expedited, Inc.*, 679 F.3d at 671 (holding that the district court did not err in dismissing the EEOC's claims as to 67 women for its failure to investigate and conciliate them); *CollegeAmerica Denver, Inc.*, 2015 WL 6437863, at *3 (finding that dismissal was not inappropriate in a case involving the EEOC's failure to provide notice, as well as a failure to conciliate, even in light of *Mach Mining*); *but see Darden*, 2016 WL 9488709, at *3 (finding defense that EEOC did not conciliate was not an affirmative defense because the appropriate remedy for inadequate conciliation is an order staying the case for conciliation efforts, which does not, in and of itself, defeat the EEOC's claims).

administrative remedies is a fact intensive inquiry and, as such, should not be foreclosed by striking the twentieth affirmative defense. (*Id.*).

The twentieth affirmative defense essentially seeks to constrict the scope of this case to timely filed charges of discrimination that exhausted all administrative remedies. The scope of an action brought by the EEOC is not so limited. Specifically, where the EEOC serves as the representative for the discriminated class, the EEOC is not limited to the claims presented by the charging parties. *General Telephone Co.*, 446 U.S. at 330. Instead, "[a]ny violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." *Id.* (citation omitted). Therefore, "an enforcement suit can include any claims within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Dinkins v. Charoen Pokphand USA, Inc.*, 133 F. Supp. 2d 1237, 1245 (M.D. Ala. 2001) (internal quotation marks omitted) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).[4] In light of this authority, the undersigned finds the twentieth affirmative defense is contrary to law and should be stricken with leave to amend, to the extent the affirmative defense can be amended to be consistent with the law. *See Darden*, 2016 WL 9488709, at *2 (striking similar affirmative defense).[5]

### E. The Seventeenth Affirmative Defense

O'Reilly's seventeenth affirmative defenses provides:

To the extent that any of Plaintiff's claims relate to persons or matters which were not made the subject of a timely charge of discrimination filed with the Equal

---

[4] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[5] The one case O'Reilly cites in support of its argument – the *Unit Drilling* decision – is distinguishable from this case because it did not involve an affirmative defense similar to O'Reilly's twentieth affirmative defense. *Unit Drilling*, 2014 WL 2211011, at *1.

> Opportunity Commission ("EEOC") or were not investigated or conciliated by the EEOC, Plaintiff's claims are barred under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ('Title VII').

(Doc. 14 at 15).

The Commission contends that the seventeenth affirmative defense is duplicative of the eighteenth and twentieth affirmative defenses and should be stricken for the same reasons. (Doc. 19 at 7-8). O'Reilly does not challenge the Commission's interpretation of the seventeenth affirmative defense as duplicative, but instead argues that there is no legitimate basis to strike this defense, and that the Commission will not be prejudiced if the defense remains. (Doc. 23 at 16-17).

It does appear that the seventeenth affirmative defense is duplicative of the eighteenth and twentieth affirmative defenses. Accordingly, for the reasons discussed above in relation to the eighteenth and twentieth affirmative defenses (*see supra* pp. 9-13), the undersigned finds that the seventeenth affirmative defense is also due to be stricken with leave to amend.

## IV. Conclusion

For the reasons stated above, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 19) be **GRANTED** to the extent that the twelfth, seventeenth, eighteenth, nineteenth, and twentieth affirmative defenses be **STRICKEN** with leave to amend.

2. O'Reilly be given fourteen days from the date the Court's enters its Order on this Report to file its amended affirmative defenses.

3. The Motion (Doc. 19) be **DENIED** in all other respects.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 21, 2020.

*/s/ Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy