# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

      **Plaintiff,**

**v.**                                                   Case No:   6:19-cv-882-Orl-31LRH

**O'REILLY AUTOMOTIVE STORES,**
**INC.,**

      **Defendant.**

## ORDER

On July 5, 2019, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") moved to strike certain affirmative defenses asserted by Defendant (Doc. 19).   Defendant filed a response in opposition (Doc. 23).   On January 21, 2020, United States Magistrate Judge Leslie R. Hoffman entered a Report and Recommendation (Doc. 25) recommending that the motion be granted.   Defendant filed objections to the Report (Doc. 27) and Plaintiff responded (Doc. 29). The Court reviews the matter *de novo*.   Fed. R. Civ. P. 72(b)(3).

This is a Title VII action filed by the EEOC against Defendant on behalf of the charging party and a class of similarly situated female employees (Doc. 1).   In its Answer, Defendant asserted 22 affirmative defenses (Doc. 14).   By its motion, Plaintiff challenges Nos. 12, 17, 18, 19, and 20.   These are addressed in turn.

<u>12 Affirmative Defense</u>

In its 12th affirmative defense, Defendant provides a laundry list of equitable defenses without any factual support.   The magistrate judge concluded that these defenses were simply conclusory and should be stricken.   The Court agrees.   It has now been approximately eight

months since Defendant filed its Answer. If Defendant now has any factual support for these defenses, it will be given an opportunity to amend its Answer.

19th Affirmative Defense

By this defense, Defendant claims that Plaintiff has not met certain (undisclosed) jurisdictional prerequisites. This defense runs afoul of Fed. R. Civ. P. 9(c), which requires the denial of the occurrence or performance of a condition precedent be done with particularity. Defendant essentially concedes this defect and the magistrate judge was correct in recommending the defense be stricken.

18th Affirmative Defense

Defendant alleges in its 18th defense that Plaintiff has failed to satisfy its statutory obligation to conciliate the charge of discrimination on which Plaintiff's Complaint is based. Citing *Mach Mining, LLC v. E.E.O.C., 575 U.S. 480 (2015)*, the magistrate judge noted that conciliation was a prerequisite to filing suit, and that conciliation efforts are subject to judicial review. Thus, if Defendant wishes to contest the sufficiency of the EEOC's pre-suit conciliation efforts, it may file an appropriate motion. The 18th affirmative defense will be stricken as moot.

20th Affirmative Defense

In this defense, Defendant claims that Plaintiff's claims are barred because the aggrieved individuals failed to exhaust their individual administrative remedies. This defense essentially seeks to limit the scope of this case to timely filed charges of discrimination. However, as recognized by the magistrate judge, the EEOC is not limited to claims presented by the charging parties. Accordingly, this defense will be stricken.

17th Affirmative Defense

This defense is merely a combination and duplication of the 18th and 20th affirmative defenses and will be stricken for the same reasons.

In conclusion, it is

**ORDERED** that Defendant's objections are **OVERRULED**. The Report and Recommendation is confirmed and adopted as part of this order in the following respects:

1. The 12th, 17th, 18th, 19th, and 20th affirmative defenses are **STRICKEN**.

2. Defendant is granted leave to amend its 12th and 19th affirmative defenses within 15 days.

3. If Defendant wishes to challenge Plaintiff's conciliation efforts, it must file an appropriate motion within 15 days.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 24, 2020.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party